# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRA GUZMAN, an individual, | ) | |
| MX LIVE MARKETING GROUP, INC, | ) | |
| a California Corporation, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VIVA ENTERTAINMENT GROUP, | ) | **JURY TRIAL DEMANDED** |
| an Illinois Corporation, | ) | |
| and DOES 1 through 10, inclusive, | ) | |

Defendant.

## COMPLAINT

Plaintiffs Alejandra Guzman and Mx Live Marketing Group, Inc. (collectively, the "Plaintiffs"), for causes of action against Defendant Viva Entertainment Group ("Defendant") allege as follows:

1. This is an action for breach of contract brought by Plaintiffs against Defendant for Defendant's breach of an agreement in which Ms. Guzman and Moderatto were to perform in Laredo and San Antonio, Texas. Defendant breached the agreement by indefinitely postponing both performances.

2. Plaintiff Alejandra Guzman is an individual residing in Mexico City, Mexico. Ms. Guzman is entitled to claim the benefits of the contract as the agreement was executed on her behalf by agent Mx Live Entertainment Group, Inc.

3. Plaintiff Mx Live Entertainment Group, Inc. is a California corporation with its principal place of business located at 3 Hutton Centre Dr., Suite 810, South Coast Metro, CA 92707.

4. On information and belief, Defendant Viva is, and was at all times pertinent hereto, an Illinois corporation, with its principal place of business located at 1106 W. Lawrence Ave., Chicago, IL 60640.

5. Plaintiffs are unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sue these defendants, and each of them, by such fictitious names. Plaintiffs will seek leave of this Court to amend this complaint when the status and identities of these defendants are ascertained. The Doe defendants include persons and entities assisting or acting in concert with Defendant in connection with the acts complained of herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this dispute is between citizens of different states.

7. Venue is proper within this judicial district under 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims arose in this District. Venue is additionally proper under 28 U.S.C. § 1391(a) in that Defendant resides in this district.

## ARTIST SERVICES AGREEMENTS

8. Plaintiffs entered into the Artist Services Agreements (the "Agreements") with Defendant on January 19, 2012. In the Agreements, Defendant booked two musical performances by Ms. Alejandra Guzman and Moderatto on February 29, 2012 and March 2,

2012 in Laredo and San Antonio, Texas, respectively. Attached hereto as Exhibit A is a true and correct copy of the Laredo Agreement, which is incorporated herein by this reference. Attached hereto as Exhibit B is a true and correct copy of the San Antonio Agreement, which is incorporated herein by this reference. Plaintiffs, in reliance on the Agreements, did not book any other shows during that time period or in the vicinity of the venues selected by Defendant.

9. On or about February 27, 2012, the week prior to the scheduled performances on February 29 and March 2, Plaintiffs learned that Defendant decided to renege on the Agreements by postponing indefinitely both performances. This postponement was done without consultation and without notice to the Plaintiffs.

10. Section 2 of the Terms and Conditions of the Artist Services Agreement lists the dates of engagement for the performances. The unilateral postponement by Defendant is in violation of this section.

11. Pursuant to Sections 9 and 10 of the Terms and Conditions of the Artist Services Agreement, in the event of non-performance such as the one caused by Defendant, Defendant is obligated to pay the full compensation as listed in Section 4 of the Terms and Conditions of the Artist Services Agreement. In enforcement of the Agreements, Plaintiffs sent a letter to Defendant on March 2, 2012, demanding the agreed upon price in full. Attached hereto as Exhibit C is a true and correct copy of the demand letter sent by Plaintiffs to Defendant, which is incorporated herein by this reference.

12. Defendant has failed to pay Plaintiffs the agreed upon price as stated in Section 4 of the Terms and Conditions of the Artist Services Agreement and as required by Sections 9 and 10 of the Terms and Conditions of the Artist Services Agreement.

## GOVERNING LAW

13. The Terms and Conditions of the Artist Services Agreement provide that the validity, construction and effect of the contract shall be governed by the laws of the State of California regardless of the place of performance.

## COUNT I
## BREACH OF CONTRACT

14. Plaintiffs reallege paragraphs 1 through 13 and incorporate them as though fully set forth.

15. Defendant agreed to all the terms and conditions of the Artist Services Agreements of which it entered into on January 19, 2012.

16. Plaintiffs duly performed all its obligations under the Artist Services Agreements by being willing and able to perform on the scheduled dates of the performances. Plaintiffs, as a result of the Agreements, did not book any other shows during that time period as well as any other shows in the vicinity of the venues selected by Defendant.

17. Defendant breached the Agreements by:

    a. Indefinitely postponing the agreed upon performances in violation of Section 2 of the Terms and Conditions of the Artist Services Agreement;

    b. Subsequently failing to pay Plaintiffs in violation of Sections 9 and 10 of the Terms and Conditions of the Artist Services Agreement.

18. Defendants' repudiation and total breach of the Artist Services Agreements has caused injury and damage to Plaintiffs of $105,000.00, representing the full price agreed upon in Section 4 of the Terms and Conditions of the Artist Services Agreements, as well as damages to be ascertained relating to the Plaintiffs inability to book alternate performances for Ms. Guzman

and Moderatto because of a lack of notice by the Defendant, attorneys' fees, prejudgment interest and other costs to be proved at trial.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. Plaintiffs reallege paragraphs 1 through 18 and incorporate them as though fully set forth.

20. In every contract or agreement there is an implied promise of good faith and fair dealing. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

21. Defendant agreed to all the terms and conditions of the Artist Services Agreements of which they entered into on January 19, 2012.

22. Defendant breached their implied covenant of good faith and fair dealing when they, among other things:

    a. Indefinitely postponed the agreed upon performances in violation of Section 2 of the Terms and Conditions of the Artist Services Agreement;

    b. Subsequently failed to pay Plaintiffs in violation of Sections 9 and 10 of the Terms and Conditions of the Artist Services Agreement

    c. Failed to give Plaintiffs notice of the cancelled performances so that Plaintiffs could book other shows in that time period and in the vicinity of the venues that had been selected by Defendant.

23. As a result of Defendant's breach of this covenant, Plaintiffs have suffered damages amounting to $105,000.00, representing the full price agreed upon in Section 4 of the Terms and Conditions of the Artist Services Agreements as well as damages to be ascertained relating to the Plaintiffs inability to book alternate performances for Ms. Guzman and Moderatto because of a lack of notice by the Defendant. Plaintiffs have incurred, and continue to incur legal fees, including attorneys' fees and costs, as well as expenses to right Defendant's wrongdoing.

24. Defendant's actions have been willful, knowing, malicious, deceptive, fraudulent and oppressive. They entitle Plaintiffs to punitive damages in an amount appropriate to punish Defendant and to deter them from engaging in the same behavior in the future.

## COUNT III
## INTENTIONAL MISREPRESENTATION

25. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 24 of this complaint.

26. On information and belief, it is alleged that several of the representations made by Defendant with respect to the bona fide nature of the obligations relating to the performances are false and were false when made.

27. In Section 2 of the Terms and Conditions, Defendant represented the dates that Ms. Guzman and Moderatto would perform. Defendant induced Plaintiffs into believing that the performances would occur as planned and agreed to. This representation was false in that Defendant did not intend to have Ms. Guzman and Moderatto perform on the agreed upon date.

28. Defendant made the representations regarding the performances either knowing they were false or else recklessly and without regard for the truth. The following individuals represented:

6

      a.      Antonio Castañeda represented to Plaintiffs that the performances would occur as agreed on the January 19, 2012.

29. Defendant's failure to disclose the true facts as well as the intentional representations described above were made by Defendant with the intent to induce Plaintiffs to agree to the Artist Services Agreements and not book alternate performances.

30. Plaintiffs, at the time of Defendant's misrepresentations and failure to disclose the true facts, and at the time Defendant took the actions alleged herein, was ignorant of the existence of those facts. Had Plaintiffs known the true facts, Plaintiffs would not have signed the Artists Services Agreements. Had Plaintiffs known that the performances would not occur, they would have booked other performances elsewhere during that time period. Plaintiffs' reliance was justified in that Plaintiffs were misled by false representations and even after reasonable inquiry did not have knowledge of those facts that were suppressed.

31. As a proximate result of the misrepresentations and the failure to disclose the true facts, Plaintiffs have been damaged in that they are owed $105,000.00 representing the full price agreed upon in Section 4 of the Terms and Conditions of the Artist Services Agreements, as well as damages to be ascertained relating to the Plaintiffs inability to book alternate performances for Ms. Guzman and Moderatto because of a lack of notice by the Defendant, attorneys' fees, prejudgment interest and other costs to be proved at trial.

32. In doing the things alleged in this complaint, Defendant acted with oppression, fraud, and malice. Defendant's bad faith is further exemplified by the lack of notice of cancellation of the performances such that the Plaintiffs only became aware of the cancellation in the week before the performances. Plaintiffs are therefore entitled to punitive damages in a sum according to proof.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

33. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 32 of this complaint.

34. On information and belief, it is alleged that several of the representations made by Defendant with respect to the bona fide nature of the obligations relating to the performances are false and were false when made.

35. In Section 2 of the Terms and Conditions, Defendant represented the dates that Ms. Guzman and Moderatto would perform. Defendant induced Plaintiffs into believing that the performances would occur as planned and agreed to. This representation was false in that Defendant did not intend to have Ms. Guzman and Moderatto perform on the agreed upon date.

36. Defendant has no reasonable grounds for believing the representations regarding the performances were true when it made them. The following individuals represented:

   a. Antonio Castañeda represented to Plaintiffs that the performances would occur as agreed on the January 19, 2012.

37. Defendant's failure to disclose the true facts as well as the intentional representations described above were made by Defendant with the intent to induce Plaintiffs to agree to the Artist Services Agreements and not book alternate performances.

38. Plaintiffs, at the time of Defendant's misrepresentations and failure to disclose the true facts, and at the time Defendant took the actions alleged herein, was ignorant of the existence of those facts. Had Plaintiffs known the true facts, Plaintiffs would not have signed the Agreements. Had Plaintiffs known that the performance would not occur as planned, they would have booked other performances elsewhere during that time period. Plaintiffs' reliance was

8

justified in that Plaintiffs were misled by false representations and even after reasonable inquiry did not have knowledge of those facts that were suppressed.

39. As a proximate result of the misrepresentations and the failure to disclose the true facts, Plaintiffs have been damaged in that they are owed $105,000.00 representing the full price agreed upon in Section 4 of the Terms and Conditions of the Artist Services Agreements, as well as damages to be ascertained relating to the Plaintiffs inability to book alternate performances for Ms. Guzman and Moderatto because of a lack of notice by the Defendant, attorneys' fees, prejudgment interest and other costs to be proved at trial.

40. In doing the things alleged in this complaint, Defendant acted with oppression, fraud, and malice. Defendant's bad faith is further exemplified by the lack of notice of cancellation of the performances such that the Plaintiffs only became aware of the cancellation in the week before the performances. Plaintiffs are therefore entitled to punitive damages in a sum according to proof.

## COUNT V
## UNFAIR COMPETITION
## UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*

41. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 40 of this complaint.

42. By virtue of Defendant's unlawful, unfair and fraudulent acts and business practices alleged herein, Defendant has engaged in unfair competition and violated California Business & Professions Code §§ 17200, *et seq.* and the common law of the State of California.

43. Plaintiffs have been and are likely to be injured as a result of Defendant's unlawful, unfair and fraudulent business acts or practices designed to deprive Plaintiffs of substantial sums of money.

44. By virtue of the aforesaid unlawful, misleading, fraudulent and/or unfair business acts or practices, Defendant has caused and will continue to cause substantial and irreparable harm to Plaintiffs and to the public.

## DEMAND FOR JURY TRIAL

45. Plaintiffs hereby respectfully request a trial by jury as to all issues properly so tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a. For judgment against Defendant for actual damages of $105,000.00 representing the full price agreed upon for Ms. Guzman and Moderatto's two performances;

b. For actual damages to be ascertained relating to the Plaintiffs inability to book alternate performances for Ms. Guzman and Moderatto because of a lack of notice by the Defendant;

c. For prejudgment interest on the amounts due Plaintiffs;

d. For an award of exemplary damages sufficient to punish Defendant for the misrepresentations alleged;

e. For judgment for costs and other expenses according to proof;

f. For reasonable attorney's fees; and

g. For such other and further relief as the Court may deem just and proper.

Dated: May 9, 2012                    ALEJANDRA GUZMAN, MX LIVE
                                                       MARKETING GROUP, INC.

                                               By: */s/ Shana A. Shifrin*
                                                             One of Their Attorneys

Shana A. Shifrin (ARDC No. 6279787)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
sshifrin@burkelaw.com

Norma V. Garcia (*pro hac vice* application to be submitted)
Doulas R. Luther (*pro hac vice* application to be submitted)
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
ngarciaguillen@sheppardmullin.com
dluther@sheppardmullin.com

Robert S. Beall
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
rbeall@sheppardmullin.com